IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN C. MONARCH, an individual; DIRECT OUTBOUND SERVICES, LLC, a South Carolina limited liability company, | : : : : |
| Plaintiffs, | : |
| v. | : Civil Action No. 2:14-cv-05980-TON |
| | : |
| RICHARD A. GORMAN; GORMAN ECONOMICS, LLC, a Delaware limited liability company, dba AT COST FULFILLMENT, LLC; VANGUARD ECONOMICS, LLC, a Georgia limited liability company, dba AT COST FULFILLMENT, LLC dba FULFILLMENT.COM; AT COST NUTRACEUTICALS, LLC, a Georgia limited liability company; BRAND.COM, INC., a Pennsylvania Corporation; JOHN DOE 1; JOHN DOE 2; and JOHN DOE 3, | : : : : : : : : : : : |
| Defendants. | : |

### DEFENDANT BRAND.COM, INC'S MEMORANDUM OF LAW IN SUPPORT OF ITS MOTION TO DISMISS COUNTS II, III, V, VII AND VIII OF PLAINTIFFS' COMPLAINT

I.  **INTRODUCTION**

Defendant Brand.com moves to dismiss, for failure to state a claim, the following counts: Preliminary and Permanent Injunction (Count II), False Light Invasion of Privacy (Count III), Aiding and Abetting (Count V), Fraudulent Transfer (Count VII), and Alter Ego (Count VIII).

II. **RELEVANT FACTUAL BACKGROUND**

On approximately October 21, 2014, Plaintiffs filed a Complaint against numerous defendants, including Brand.com. (*See* Plaintiffs' Complaint, which because of its size and number of Exhibits is not attached). The Complaint alleges defamation and defamation per se; application for a preliminary and permanent injunction; false light invasion of privacy; tortious interference with current and prospective business relationships; aiding and abetting; conspiracy; fraudulent transfer; and alter ego.

The only factual allegations specifically stated against Brand.com are:

> 17. Upon information and belief, at all times relevant to the allegations set forth herein, Defendant GORMAN had access to and used the resources of GEC, ACF, ACN and BRAND, ("company resources") to post false, damaging, misleading and defamatory statements about Plaintiffs.
>
> 18. Upon information and belief, Defendant Gorman hired and/or directed BRAND, which is a reputation management company, to post false, damaging, misleading, and defamatory statements about Plaintiffs.
>
> 19. The False Statements (hereinafter defined) posted on www.ripoffreport.com ("ROR") were posted by an agent of GORMAN, GEC, ACF, ACN, and BRAND.
>
> 20. The same individual who posted the False Statements on ROR, as part of Defendants' smear campaign, also posted the False Statements on the various other websites mentioned below.

(*See* Complaint ¶¶ 17-20).

The Complaint alleges that all defendants posted defamatory statements about Plaintiffs on the internet and cite to specific website postings and statements contained therein. (Complaint ¶¶24-49 and Exhibits A-X to the Complaint). Plaintiffs also allege that Defendant Gorman and the other defendants, prior to this lawsuit being filed, engaged in a scheme to transfer assets to and among defendant companies and/or to new entities in an effort to hide, conceal and insulate assets from Plaintiffs. (Complaint ¶79).

### III.     ARGUMENT

#### A.     Standard of Review

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is plausible if it "allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Although this Court is required to accept as true the factual

allegations in the complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Id.* Further, the grounds on which the plaintiff makes a claim must be "more than labels and conclusions ; and a formulaic recitation of the elements of a cause of action will not do." *Phillips v. County of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008) (quoting *Twombly*, 550 U.S. at 555).

Instead, the complaint must allege sufficient facts to support each and every element of the alleged cause of action. *Id.* at 234 (quoting *Twombly*, 550 U.S. at 550 ("[S]tating a claim requires a complaint with enough factual matter (taken as true) to suggest the required element."). *See Diagnostic Devices, Inc. v. Pharma Supply, Inc.*, No. 08-149, 2009 U.S. Dist. LEXIS 101425, at *30 (W.D.N.C. June 22, 2009) (dismissing defamation claim for failure to adequately plead the elements of the cause of action). For the reasons set forth below, Plaintiffs' Complaint fails to meet these most basic standards for Counts II, III, V, VII and VIII and the Counts should be dismissed.

    **B.**    <u>**Count II - Application for Preliminary and Permanent Injunction Fails To State a Claim as a Matter of Law.**</u>

Plaintiffs have inappropriately pled an application for a preliminary and permanent injunction as a separate Count in the Complaint. A request for an injunction should not be pled as a separate Count. "[Plaintiff] may seek an injunction as a remedy, not as an independent cause of action." *Davis v. Corizon Health, Inc.*, 2014 U.S. Dist. LEXIS 149348 (E.D. Pa. Oct. 20, 2014). "Defendants are correct that injunctive relief is a remedy, not an independent cause of action." *In re Shop-Vac Mktg. & Sales Practices Litig.*, 964 F. Supp. 2d 355, 365 (M.D. Pa. 2013). Count II should be dismissed with prejudice.

### C. Count III for False Light Invasion of Privacy Fails as a Matter of Law.

Plaintiff Gorman resides in the State of South Carolina. (Complaint ¶ 1). Plaintiff Direct Outbound Services LLC is a South Carolina limited liability company. (Complaint ¶ 2). As a result, the torts Plaintiffs allege were inflicted upon them occurred in South Carolina. Any damages that Plaintiffs sustained were also sustained in South Carolina. South Carolina law should apply to Plaintiffs' claims. No South Carolina Court has recognized the tort of False Light Invasion of Privacy. *Brown v. Pearson*, 326 S.C. 409, 422 (S.C. 1997); *Erickson v. Jones St. Publrs., LLC*, 368 S.C. 444, 482 (S.C. 2006).

If the Court was to require a choice of law analysis, Pennsylvania Courts would determine that South Carolina law applies to Plaintiffs' claims. Pennsylvania uses a two-step hybrid framework for choice of law questions. *Mzamane v. Oprah Winfrey*, 693 F. Supp. 2d 442, 467 (E.D. Pa. 2010). The first step of the analysis is for the Court to determine whether a real conflict exists between the two states' respective laws. Id.

A true conflict exists when the application of one state's substantive law produces a contrary result to the other state's substantive law. Id. at 468. If the same result would occur under the laws of each state, then no conflict exists. Id. In this instant case, South Carolina law does not recognize the tort of false light invasion of privacy while Pennsylvania law does.

Therefore, the Court must proceed to the second step of the conflict inquiry and determine whether the conflict is "true", "false", or "unprovided for." Id. A "true" conflict exists when both states have a recognizable interest in applying their own law. Id. A "false" conflict exist when only one state has an actual interest in applying its law and an "unprovided for" instance occurs when neither state has an interest in applying its own law. Id. A Court will only proceed to the "deeper" choice analysis when a true conflict exists. Id. A true conflict exists when both of the states would be impaired by application of the other's law. Id.

4

When a court determines that a true conflict exists, the court must them determine "which state has the greater interest in the application of its own law". Id. The court's analysis consists of combining the approaches of both the Restatement (Second) of Conflicts (contacts establishing significant relationships) and the "interest analysis" (qualitative appraisal of each States' policies concerning the controversy). Id. The court must weigh the contacts on a qualitative scale according to each of their relation to the policies and interest underlying the particular issue before the court. Id.

In this instance, an actual conflict exists between the cause of action for false light invasion of privacy in Pennsylvania and the lack thereof in South Carolina. This situation represents an actual conflict in that both South Carolina and Pennsylvania have an interest in applying their respective laws or lack thereof. Id. at 470. Pennsylvania has an interest in maintaining its common law interest in safeguarding a person's reputation within its state boundaries while South Carolina has an interest in maintaining its state's judicial determination that a claim for false light invasion of privacy does not exist.

As a result the court must determine which state has a materially greater interest in an application of its law or lack thereof. A court must examine the relevant context of the respective forums and how that context relates to the state's policies underlying the applicable laws. Id. Brand.com in this instance has a greater interest in having South Carolina's lack of a recognizable tort for false light invasion of privacy apply because both of the plaintiffs are residents of the State of South Carolina and the alleged defamatory statements would have impacted the plaintiffs in the state of South Carolina and caused damages in that state.

Plaintiffs' contacts are consistent with the state of South Carolina's interest in not recognizing this particular tort for its citizens or corporate entities. Plaintiffs' domicile should control since this is the forum with the greatest interests. Id. at 471. Any harm to the Plaintiffs'

5

reputation would have occurred and been centered in South Carolina. Id. Plaintiffs' principal place of business, and by extension its reputational interest and business contacts, was in South Carolina. South Carolina is the forum with the most significant relationship to the alleged defamatory action. Id. The state of the Plaintiff's domicile has been held to generally have the greatest interest in vindicating plaintiff's good name and providing compensation for harm caused by any defamatory publication. Id. As the court specifically states in *Mzamane*, this approach is consistent with the Restatement (Second) of Conflicts § 150(2) that, when a person claims that he has been defamed by a communication, the state with the most significant relationship with plaintiff will usually be the state where the person was domiciled at the time the statements were published in that state. Id. at 471.

While Plaintiffs allege that the statements were published on the internet and, therefore, would have then been published throughout the United States, since Plaintiffs are domiciled in South Carolina, the Restatement favors the application of South Carolina law. Id. at 471.

The Court should conclude that because Plaintiffs were domiciled in South Carolina at the time the alleged defamatory statements were published, South Carolina has a greater interest than Pennsylvania in the instant dispute. As a result, the substantive law of South Carolina should apply with respect to and cause the dismissal of Plaintiffs' false light invasion of privacy claim. Id. at 473.

### D. Count V for Aiding and Abetting Fails to State a Claim as a Matter of Law.

Plaintiffs allege a claim for aiding and abetting against Brand.com and the other defendants for posting false statements about Plaintiffs with substantial assistance and encouragement of each other. (Complaint ¶ 133). First, in *Mmubango v. Google, Inc., et al.*, an Eastern District of Pennsylvania District Court granted a 12(b)(6) motion to dismiss in a similar case. 2013 U.S. Dist. LEXIS 24989 (E.D. Pa. 2013). The *Mmubango* facts arose out of

derogatory statements made about the plaintiff and posted anonymously on a third-party website that was linked to the website of the defendant Google, Inc. The plaintiff claimed that defendant Google was liable for various tortious actions, including defamation. The *Mmubango* opinion stated "the court has not found any Pennsylvania cases recognizing a claim for aiding and abetting defamation." *Mmubango, at * 8, FN 5.*

In addition, even if an aiding and abetting claim could be found in a defamation case, a claim for aiding and abetting is based on a breach of a duty. One must demonstrate: a breach of a duty owed to another; knowledge of the breach by the aider and abettor; and substantial assistance or encouragement by the aider and abettor in effecting that breach. *Koken v. Deliotte and Touche*, 825 A.2d 723 (Pa. Commw. 2003); citing to *Thompson v. Glenmede Trust Co.*, 1993 U.S. Dist. LEXIS 7677, 1993 WL 197031 (E.D. Pa. 1993).

Section 876 of the Restatement (Second) of Torts addresses the tort of civil aiding and abetting, which is also known as concerted tortious conduct:

> **§ 876. Persons Acting in Concert**
> For harm resulting to a third person from tortious conduct of another, is subject to liability if he:
>
> (a) does a tortious act in concert with the other or pursuant to a common design with him, or
>
> (b) knows that the other's conduct constitutes a breach of duty and gives substantial assistance or encouragement to the other so to conduct himself, or
>
> (c) gives substantial assistance to the other in accomplishing a tortious result and his own conduct, separately considered, constitutes a breach of duty to the third person.

Section 876 of the Restatement (Second) of Torts (cited in *Sovereign Bank vs. Valentino, et. al.*, 914 A.2d 415 (Pa. Super. 2006)).

The Pennsylvania Supreme Court expressly adopted "interpretations" of *Section 876* in *Skipworth by Williams v. Lead Industries Ass'n, Inc.*, 547 Pa. 224, 690 A.2d 169 (1997):

> The concert of action theory has not yet been discussed by this [C]ourt, but has been addressed by our Superior Court. In *Burnside* and *Kline*, the Superior Court held that a claim of concerted action cannot be established if the plaintiff is unable to identify the wrongdoer or the person who acted in concert with the wrongdoer. We find that these interpretations of the concert of action theory are eminently reasonable and hereby expressly adopt them.

*Sovereign Bank vs. Valentino, et. al.*, 914 A.2d 415 (Pa. Super. 2006)); *Koken v. Deliotte and Touche*, 825 A.2d 723 (Pa. Commw. 2003).

Section 876(b) and (c) of the Restatement of Torts (Second) requires a "breach of a duty" and the Complaint does not allege that any duty was owed to Plaintiffs by Defendants, nor could it so allege.

Furthermore, Plaintiffs have not even directly identified the wrongdoer. Plaintiffs simply group all Defendants together and reach a conclusion that they are all owned, in part, by Gorman so that they all must be wrongdoers, without asserting what each has done individually. No facts are pled that allege Brand.com engaged in a common design with Gorman to defame Plaintiffs. All of the pleadings that mention Brand.com simply state "upon information and belief." (Complaint ¶¶ 17-20).

Second, Plaintiffs do not even plead that Brand.com (or other defendants) knew each other's conduct constituted a breach of duty owed to Plaintiffs. The Complaint specifically fails to allege a breach of a duty owed by Brand.com to Plaintiffs. (Complaint Count V, ¶¶ 131-139). Rather, Plaintiffs' claim is premised upon the general allegation that they all knowingly enabled each other to defame and harass Plaintiffs and interfere with business relationships. (Complaint, ¶133). Plaintiffs have failed to plead the key requirement that Brand.com knew Gorman's conduct constituted a breach of duty. Additionally, a breach of duty claim cannot be established against Brand.com because Brand.com did not owe, or breach, a duty to Plaintiffs, nor is one alleged. Even if the court assumed that Brand.com

had duties to Plaintiffs, Plaintiffs cannot show knowledge by Brand.com of the duty that it supposedly breached. The Complaint is devoid of the essential element of breach of a duty.

Third, the Complaint is completely silent on the essential element of providing "substantial assistance" in the so-called scheme. Plaintiffs fail to allege what involvement or knowledge Brand.com had about the publication of the false statements other than to state all Defendants posted the false statements. The Complaint does not identify the wrongdoer and does not identify which other Defendant, if any, rendered substantial assistance to another to accomplish the tortious act or what assistance was provided. The general non-specific claims against Brand.com do not allege any facts about Brand.com giving any assistance to a co-defendant or that Brand.com's own conduct constituted a breach of a duty to Plaintiffs.

Finally, although Plaintiffs allege that Brand.com "aided and abetted" to defame and harass (Complaint ¶133), they have not alleged *facts* sufficient to show that Brand.com provided "substantial assistance or encouragement." To demonstrate the required "substantial assistance or encouragement," Plaintiffs must allege facts "which clearly demonstrate *active* encouragement to commit the tortious conduct." *Cruz v. Roberts,* 70 Pa. D.&C.4th 225, 235 (Pa. Com. Pl. 2005) (emphasis added) (*Cruz* court held plaintiffs' claim for tortious aiding and abetting fails to state a claim for which relief could be granted.) In other words, Plaintiffs must allege facts sufficient to show that Brand.com took "some affirmative action … which cause[d] the tortious actor to conduct himself/herself inappropriately." *Id.* at 235-236; *citing Welc v. Porter*, 675 A.2d 334, 338-33 (Pa. Super. 1996). Plaintiffs make no such allegations in the Complaint. Although they make the conclusory allegation that Brand.com "enabled" the other Defendants, that bald, unsupported statement is not enough. Thus, the claim for aiding and abetting has failed and should be dismissed.

### E. Count VII for Fraudulent Transfer Fails to State a Claim as a Matter of Law.

In Count VII of the Complaint, Plaintiffs allege a claim for Fraudulent Transfer. (Complaint ¶¶150-168). Plaintiffs allege that Defendant Gorman is a "debtor" and each Plaintiff is a "creditor," which is defined in 12 Pa.C.S.A § 5101. (Complaint ¶¶151-152). Plaintiffs allege that Defendants concocted a scheme and artifice, which included transferring assets among Defendants to conceal, insulate and hide assets from Plaintiffs. (Complaint ¶¶153-155). Plaintiffs allege that, at that time of transferring the assets and interests in Defendant Companies, Defendants knew that there was or would be an outstanding debt owed to Plaintiffs. (Complaint ¶¶ 156). Plaintiffs allege the Defendants transferred the assets without receiving any reasonably equivalent value in exchange for the assets and that the Defendants may be insolvent as a result of the transfer of assets. (Complaint ¶¶157-158). Plaintiffs' allege that, as a result of this conduct, Defendants are liable for fraudulent transfer under 12 Pa.C.S.A §5104 and §5105.

Title 12 of the Pennsylvania Statute, Commerce and Trade, now covers the subject matter of the repealed 39 P.S. §351-363. The Short title of the chapter and definitions define, among other things, the following:

- "Claim." A right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured.
- "Creditor." A person who has a claim.
- "Debtor." A person who is liable on a claim.

*See* 12 Pa.C.S.A §5101 (a).

Pennsylvania statute 12 Pa.C.S.A §5104 provides in part that:

> **§5104. Transfers fraudulent as to present and future creditors**
>
> (a) General Rule.-- **A transfer made or obligation incurred by**

10

**a debtor is fraudulent as to a creditor, whether the creditor's claim arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:**

(1) with actual intent to hinder, delay or defraud any creditor of the
    debtor; or....

(b) Certain Factors.-- In determining actual intent under subsection (a)(1), consideration may be given, among other factors, to whether:

(1) the transfer or obligation was to an insider;

(2) the debtor retained possession or control of the property transferred after the transfer;

(3) the transfer or obligation was disclosed or concealed;

**(4) before the transfer was made or obligation was incurred, the debtor
    had been sued or threatened with suit;...**

12 Pa.C.S.A §5104 **(emphasis added).**

Further, Pennsylvania statute 12 Pa.C.S.A §5105 reads:

**§5105. Transfers fraudulent as to present creditors**

A transfer made or obligation incurred by a debtor is fraudulent as to a creditor whose claim arose before the transfer was made or the obligation was incurred if the debtor made the transfer or incurred the obligation without receiving a reasonably equivalent value in exchange for the transfer or obligation and the debtor was insolvent at that time or the debtor became insolvent as a result of the transfer or obligation.

The Uniform Fraudulent Transfer Act applies to both present and future creditors. *See* 12 Pa. C.S. § 5104(a). "While the definition of a 'present creditor' is self-explanatory, the definition of a 'future creditor' is much more ambiguous." *Leopold v. Tuttle,* 549 A.2d 151 (Pa. Super. 1988).

The Pennsylvania Uniform Fraudulent Conveyance Act was at issue in *City of*

11

*Philadelphia v. Stepan Chemical Company,* 713 F. Supp. 1491 (E.D. Pa. 1989). In that action, "at the time Eastern States was liquidated, the City had presented Eastern States with no more than general allegations concerning the company's responsibility for the damage." The court opinion continued:

> the City has referred me to no cases -- and my research has uncovered none -- in which one party's allegations transformed it into a creditor of the one against whom the allegations were made. Although the Uniform Fraudulent Conveyance Act does not define "claim" as it is used to describe "creditor," I find that the legislature did not intend for mere allegations to constitute a claim, absent some legal foundation, such as an underlying debt, a contract, or a lawsuit properly filed and served.

*City of Philadelphia v. Stepan Chemical Company,* 713 F. Supp. at 1944. (*See Fenderson v. Fenderson,* 685 A. 2d 600 (Pa. Super. 1996), *appeal denied* 698 A. 2d 594 (Pa. 1996) (A plaintiff who files a lawsuit against a defendant will be considered defendants' creditor under the Fraudulent Transfer Act).

Courts have also stated that, under Pennsylvania law, one is only a future creditor if his claim is reasonably foreseeable in the near or immediate future. *Bell v. Wyatt,* No. 3225, 2005 Phila. Ct. Com. Pl. LEXIS 420, *5 (2005) (*citing Leopold v. Tuttle,* 549 A.2d 151, 154 (Pa. Super. 1998)) (*overruled on other grounds*). The Pennsylvania Supreme Court defined a "future creditor" as:

> One with a legal claim against a person at the time that person makes a conveyance, even one that has not yet been reduced to judgment or even filed, is a future creditor who is entitled to set aside the conveyance if he can show it was made with actual intent to hinder, delay, or defraud present or future creditors.

*Id.* (*citing to Stauffer v. Stauffer,* 351 A.2d 236, 245 (Pa. 1976)).

"Other Pennsylvania courts have construed the term 'future creditor' to mean not only a creditor whose claim has not matured, but a creditor whose claim is reasonably foreseen as arising in the immediate future." *Leopold,* 549 A.2d at 154 (*citing County of Butler v. Brocker,*

*455 Pa. 343, 314 A.2d 265 (1974))*. "A future creditor does not exist unless a conveying party can reasonably foresee incurring the costs of a claim or judgment at the time of the conveyance.' *Leopold*, 549 A.2d at 154.

In this case, Plaintiffs fail to allege sufficient facts to state a claim for fraudulent transfer. While the Federal Rules of Civil Procedure generally require only "a short and plain statement of the claim showing that the pleader is entitled to relief," *Loftus v. SEPTA*, 843 F. Supp. 981, 986 (E.D. Pa. 1999) (internal citations omitted), Fed. R. Civ. P. 9(b) specifically sets forth the pleading requirements for a claim of fraud, including intentional fraudulent conveyances under section 5104(a)(1). *Bratek v. Beyond Juice, LLC*, 2005 U.S. Dist. LEXIS 28137, at *6-7 (E.D. Pa. Nov. 14, 2005). This Rule requires that the plaintiff "plead the circumstances constituting the alleged fraudulent conveyances with particularity.'" *Bratek*, 2005 U.S. Dist. LEXIS 28137 at *6 (quoting *River Road Dev. Corp. v. Carlson Corp.*, 1990 U.S. Dist. LEXIS 6201 at *8 (E.D. Pa. 1990)).

The particularity required by Rule 9(b) "means the who, what, where, when, and how." *Gen. Elec. Capital Corp. v. Lease Resolution Corp.*, 128 F.3d 1074, 1078 (7th Cir. 1997) (quoting *DiLeo v. Ernst & Young*, 901 F.2d 624, 627 (7th Cir. 1990)). The rule is satisfied, however, despite the absence of specific dates and amounts of the transfers, if the claim "details the transfers alleged to be fraudulent, the reasons the transfers are fraudulent, and the roles of the defendants in the transfers." *In re El Comandante Mgmt. Co., LLC*, 388 B.R. 469, 473 (D.P.R. 2008); *see also River Road*, 1990 U.S. Dist. LEXIS 6201 at *10. A plaintiff must present enough facts "to put the defendant on notice of the precise misconduct at issue." *Wilmington Fin., Inc. v. Am. One Fin., Inc.*, No. 06-5559, 2007 U.S. Dist. LEXIS 55738, at *4 (E.D. Pa. July 31, 2007). A plaintiff must allege facts sufficient to allow the defendant to

identify the transaction being alleged as fraudulent. *See generally Bratek* at *17 *(E.D. Pa. 2005)*.

Plaintiffs wholly fail to meet the pleading requirements sufficient to state a claim for the actual fraud component of a fraudulent transfer claim. The Complaint fails to allege the fraudulent conveyances with any particularity and, in fact, does not allege any specific conveyances at all. The Complaint fails to allege specific dates, the amounts of the transfers, the transfers alleged to be fraudulent, the reasons the transfers are fraudulent, and the roles of the Defendants in the transfers. Instead, the Complaint merely recites certain elements of a fraudulent transfer in a conclusory fashion and "upon information and belief." However, allegations based on "information and belief" do not meet the pleading standards of *Rule 9(b)*. *River Road,* 1990 U.S. Dist. LEXIS 6201 at *8.

Further, Plaintiffs also fail to allege facts sufficient to state a claim under the constructive fraud portions of the Pennsylvania Uniform Fraudulent Conveyance Act that are found in 12 Pa.C.S.A. § 5104(a)(2) and §5105, in order to meet the notice pleadings standards of Rule 8(a). (*See Bratek* at *17-18 stating that while the portion of the fraudulent conveyance claim that alleges actual fraud is subject to the standards of Rule 9(b), the allegations of constructive fraud are subject to the liberal notice-pleading standards of Rule 8(a)). The Complaint fails to reveal Defendants' financial status, what was allegedly transferred, the value in exchange, and lacks sufficient factual claims indicating Defendants' alleged indebtedness or knowledge of future indebtedness at the time of conveyance. Rather, the allegations are conclusory and not supported by well-pleaded facts.

The allegations contain the type of bare bones pleading and formulaic recitation of the elements of a cause of action that the Supreme Court rejected in *Iqbal, supra,* 556 U.S. at 679-80, which does not entitle such allegations to the assumption of being true. The Complaint does

not contain any allegations that Defendants were indebted to either Plaintiff at the time of the alleged conveyance or that a conveyance of specific assets occurred.  Plaintiffs only filed this lawsuit against Defendants after the alleged undefined conveyance.  Plaintiffs fail to state how Defendants allegedly knew a debt could be owed to Plaintiffs.  The Complaint is devoid of any allegation of how Defendants were allegedly on notice, before the alleged undefined conveyance, that this lawsuit <u>may</u> be filed.  Accordingly, Plaintiffs, at the time of the alleged transfer, were not a future creditor and the Uniform Fraudulent Transfer Act should not apply.  For the foregoing reasons, Plaintiffs' claim for fraudulent transfer should be dismissed for failure to state a claim.

### F.     Count VIII - Alter Ego Fails To State a Claim as a Matter of Law.

Count VIII of the Complaint should be dismissed as Plaintiff's have failed to allege facts sufficient to justify piercing the corporate veil under an alter ego theory of liability.

A strong presumption against piercing the corporate veil exists in Pennsylvania.  *Lumax Industries, Inc. v. Aultman, 669 A.2d, 893, 894 (Pa. 1995)*; *Wedner v. Unemployment Board, 449 Pa. 460, 464, 296 A.2d 792, 794 (1972)*("Any court must start from the general rule that the corporate entity should be recognized and upheld, unless specific, unusual circumstances call for an exception. . . . Care should be taken on all occasions to avoid making the entire theory of corporate entity useless."  *Zubik v. Zubik, 384 F.2d 267, 273 (3d Cir. 1967)*).  However, "piercing the corporate veil is an exception, and courts should start from the general rule that the corporate entity should be upheld unless specific, unusual circumstances call for [such] an exception."  *First Realvest, Inc. v. Avery Builders, Inc., 600 A.2d 601, 604 (Pa. Super. 1991)* (internal citations omitted).  The alter ego theory of piercing the corporate veil is applicable only where the individual or corporate owner controls the corporation to be pierced and the

controlling owner is to be held liable. *Miners, Inc. v. Alpine Equipment Corporation*, 722 A.2d 691, 695 (Pa. Super. 1998) (internal citations omitted).

The following factors are to be considered in determining whether to pierce the corporate veil: 1) undercapitalization; 2) failure to adhere to corporate formalities; 3) substantial intermingling of corporate and personal affairs; and 4) use of the corporate form to perpetuate a fraud. *JK Roller Architects, LLC v. Tower Investments, Inc.*, 2003 Phila. Ct. Com. Pl. LEXIS 40 at *8 (2003) (*quoting Lumax Indus. v. Aultman*, 669 A.2d 893 (Pa. 1995)). In light of these factors, the Complaint fails to plead sufficient facts to justify piercing the corporate veil of Brand.com under the alter ego theory of liability. The Complaint fails to allege sufficient facts to show that the individual owner of Brand.com "controls" the corporation and should be held personally liable for its alleged acts. No facts have been alleged about how Brand.com, or any Defendant, was undercapitalized, how Brand.com failed to adhere to corporate formalities and in what manner, how much, and with which other Defendant(s), Brand.com intermingled corporate and personal affairs.

The only relevant facts alleged in the Complaint concerning the claim against Brand.com, or any defendant, to pierce the corporate veil are as follows:

> 170. Based on the facts alleged herein, there is such a unity of interest and ownership between and among the Defendant Companies such that the separate personalities of the Companies do not exist.
>
> 171. The Defendant Companies and/or the new entities are alter egos of each other.
>
> 172. Under the circumstances alleged herein, observing the corporate form would promote injustice or sanction a fraud.
>
> 173. Due to the lack of corporate formalities, Plaintiffs are entitled to damages and Defendants are each liable for the damages caused as each acts as an alter ego.

(See Complaint ¶¶ 170-173).

All of these allegations are predicated only on "information and belief" that Plaintiffs alleged in the previously referenced paragraphs in the Complaint, ¶¶ 17-20. **These averments are merely "a formulaic recitation of the elements of a cause of action" for piercing the corporate veil.**" See *Essex Insurance Co. v. Miles*, 2010 U.S. Dist. LEXIS 128888 * 7 (E.D. Pa. December 3, 2010) quoting *Iqbal, 129 S. Ct. at 1950*. Plaintiffs reliance on information and belief cannot transform legal conclusions into plausible factual allegations. *Id.*

Similarly, defendants in *Partners Coffee* also alleged, on "information and belief," that the plaintiffs failed to observe corporate formalities, converted corporate assets for personal use, intermingled funds, and conducted corporate business in their individual capacities. *Partners Coffee Co., LLC v. Oceana Services & Products Co.*, 700 F. Supp. 2d 720, 736 (W.D. Pa. 2010). The claim was dismissed under *Twombly*. The court held that the defendant's allegations were merely "legal conclusions couched as ... factual allegation[s]." *Id.* at 737-38 (citing *Baraka v. McGreevey*, 481 F.3d 187, 195 (3d Cir. 2007)). See also, *Shenango Inc. v. Am. Coal Sales Co.*, 2007 US Dist LEXIS 58110, 2007 WL 2310869(WD Pa. Aug. 8, 2007*), Accurso v. Infra-Red Services*, 2014 US Dist LEXIS 73481 at *39 (ED Pa. May 28, 2014). [1]

---

[1] See also, *Madonna v. Francisco*, No. 13-807, 2014 U.S. Dist. LEXIS 32523, 2014 WL 981568, at *4-5 (E.D. Pa. 2014); *Patroski v. Ridge*, No. 11-1065, 2011 U.S. Dist. LEXIS 119920, 2011 WL 4955274, at *4 (W.D. Pa. 2011); *Partners Coffee Co., LLC v. Oceana Servs. & Prods. Co.*, 700 F. Supp. 2d 720, 737-38 (W.D. Pa. 2010); *Essex Ins. Co. v. Miles*, No. 10-3598, 2010 U.S. Dist. LEXIS 128888, 2010 WL 5069871, at *3 (E.D. Pa. 2010); *Allen v. Chicago Steel (PA), LLC*, No. 10-1931, 2010 U.S. Dist. LEXIS 75415, 2010 WL 2991214, at *8 (E.D. Pa. July 27, 2010); *USTAAD Sys., Inc. v. iCAP Int'l Corp.*, No. 09-CV-1149, 2010 U.S. Dist. LEXIS 71607, 2010 WL 2838593, at *3 (M.D. 2010) ("USTAAD's complaint fails to meet the exacting standard required to pierce the corporate veil under Pennsylvania law. . . ."); *see also, e.g., Motorola, Inc. v. Airdesk*, Inc., No. 04-4940, 2005 U.S. Dist. LEXIS 6601, 2005 WL 894807, at *2 (E.D. Pa. 2005) ("While Pennsylvania courts do not squarely address whether a claim for piercing the corporate veil is an independent cause of action, they do allow such a claim to proceed if it is supported by specific factual averments, rather than mere legal conclusions."); *E-Time Sys., Inc. v. Voicestream Wireless Corp.*, No. 01-5754, 2002 U.S. Dist. LEXIS 15568, 2002 WL 1917697, at *12 (E.D. Pa. 2002) (pre-*Twombly-Iqbal*) ("Yet common ownership and the sharing of office space, standing alone, are insufficient to warrant the conclusion that E-Time actually is the alter ego of USC.").

The Complaint in this action only sets forth general and conclusory allegations that are utterly insufficient to justify piercing the corporate veil of Brand.com. The Complaint is merely a recitation of the legal elements required to pierce the corporate veil and under Rule 8 simply does not state facts sufficient to make out a plausible claim for relief. *Essex Insurance*, *8. Therefore, Count VIII of the Complaint must be dismissed.

IV.     **CONCLUSION**

For the foregoing reasons, Defendant Brand.com respectfully requests that this Honorable Court grant the Motion to Dismiss and enter the Order dismissing Counts II, III, V, VII and VIII against Brand.com with prejudice.

Respectfully submitted,

**MARSHALL, DENNEHEY, WARNER, COLEMAN & GOGGIN**

BY: ___/s/   David L. Shannon___
    David L. Shannon, Esquire
    Jonathon E. Cross, Esquire
    *Attorneys for Brand.com*

Date: November 19, 2014
01/11131652.v1