IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN C. MONARCH, an individual; DIRECT OUTBOUND SERVICES LLC, a South Carolina limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD A. GORMAN, ET AL.,<br><br>Defendants. | Civil Action No. 14-5980 |

**DEFENDANT AT COST NUTRACEUTICALS, LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

Defendant At Cost Nutraceuticals, LLC ("ACN") submits this Motion to Dismiss pursuant to Rule 12(b)(2) of the Federal Rules of Civil Procedure. In support of its Motion, ACN relies upon and incorporates the attached Memorandum of Law and accompanying Declaration.

Dated: November 24, 2014

Respectfully submitted,

/s/ David H. Pittinsky
David H. Pittinsky
Burt M. Rublin
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA 19103-7599
215.665.8500
215.864.8999 (fax)
pittinsky@ballardspahr.com
rublin@ballardspahr.com

Attorneys for Defendant
At Cost Nutraceuticals, LLC

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN C. MONARCH, an individual; DIRECT OUTBOUND SERVICES, LLC, a South Carolina limited liability company,<br><br>     Plaintiffs,<br><br>  v.<br><br>RICHARD A. GORMAN; GORMAN ECONOMICS, LLC, a Delaware limited liability company, dba AT COST FULFILLMENT, LLC; VANGUARD ECONOMICS, LLC, a Georgia limited liability company, dba AT COST FULFILLMENT, LLC dba FULFILLMENT.COM; AT COST NUTRACEUTICALS, LLC, a Georgia limited liability company; BRAND.COM, INC., a Pennsylvania Corporation; JOHN DOE 1; JOHN DOE 2; and JOHN DOE 3,<br><br>     Defendants. | Civil Action No. 2:14-cv-05980-TON |

## ORDER

AND NOW, this _____ day of _____, 2014, upon consideration of Defendant At Cost Nutraceuticals, LLC's Motion to Dismiss for Lack of Personal Jurisdiction, and Plaintiffs' opposition thereto, it is hereby ORDERED and DECREED that said Motion is GRANTED.

BY THE COURT:

_____
O'Neill, S.J.

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN C. MONARCH, an individual; DIRECT OUTBOUND SERVICES LLC, a South Carolina limited liability company,<br><br>    Plaintiffs,<br><br>  v.<br><br>RICHARD A. GORMAN, ET AL.,<br><br>    Defendants. | Civil Action No. 14-5980 |

**MEMORANDUM OF LAW IN SUPPORT OF DEFENDANT AT COST NUTRACEUTICALS, LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

  Defendant At Cost Nutraceuticals, LLC ("ACN") submits this Memorandum of Law in support of its motion to dismiss the claims against it for lack of personal jurisdiction pursuant to Fed. R. Civ. P. 12(b)(2).

## BACKGROUND

  Plaintiffs allege that ACN and the other defendants published defamatory statements about Plaintiffs on various internet sites, interfered with Plaintiffs' current and prospective business relationships by publishing the defamatory statements, and fraudulently transferred assets amongst themselves to shield those assets from Plaintiffs should they achieve a judgment against Defendants. Defendant ACN is a Georgia Limited Liability Company that does not conduct any business in Pennsylvania. *See* Singletary Declaration, ¶¶ 2–4 (Exhibit 1). ACN is not owned, controlled, or affiliated with any individual or entity that does business in Pennsylvania. *Id.* ¶ 3.

## ARGUMENT

When the defendant challenges personal jurisdiction, the plaintiff bears the burden of establishing by a preponderance of competent evidence that there is a proper basis for jurisdiction. *General Elec. Co. v. Deutz AG*, 270 F.3d 144, 150 (3d Cir. 2001). This burden is satisfied only if plaintiff comes forward with evidence establishing "with reasonable particularity contacts sufficient to support the court's exercise of personal jurisdiction." *Harris v. Trans Union, LLC*, 197 F. Supp. 2d 200, 203 (E.D. Pa. 2003).

A federal court sitting in diversity may exercise personal jurisdiction "according to the law of the state where it sits." *O'Connor v. Sandy Lane Hotel Co., Ltd.* 496 F.3d 312, 316 (3d Cir. 2007) (citing Fed. R. Civ. P. 4(k)(1)(A)). Pennsylvania's long-arm statute permits the exercise of personal jurisdiction to the full extent of the Due Process Clause of the United States Constitution. *See* 42 Pa. Cons. Stat. Ann. § 5322(b); *Pennzoil Prod. Co. v. Colelli & Assocs., Inc.*, 149 F.3 197, 200 (3d Cir. 1998); *Vetrotex Certainteed Corp. v. Consol. Fiber Glass Prods. Co.*, 75 F.3d 147, 150 (3d Cir. 1996). Thus, "the decisive issue is whether exercising personal jurisdiction over [ACN] offends due process." *Shanks v. Wexner*, Civil Action No. 02-7671, 2003 WL 1343018, at *1 (E.D. Pa. Mar. 18, 2003).

Due process requires that ACN have "minimum contacts with Pennsylvania," *id.*, and that the exercise of jurisdiction conform "with traditional notions of fair play and substantial justice[,]" *Gary v. FTC*, 526 Fed. App'x 146, 150 (3d Cir. 2013) (citing *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). Minimum contacts exist only where a "defendant purposefully avails itself of the privilege of conducting activities within the forum State, thus invoking the benefits and protections of its laws." *Asahi Metal Indus. Co., Ltd. v. Superior Court of California*, 480 U.S. 102, 107 (1987).

2

Personal jurisdiction may be general or specific. *Fisher v. Teva PFC SRL*, 212 Fed. App'x 72, 75 (3d Cir. 2006). General jurisdiction only exists where the defendant's contacts with the forum state are "continuous and systematic[.]" *Id.* Specific jurisdiction only exists if "the defendant has purposefully directed its activities toward residents of the forum." *Vetrotex*, 75 F.3d at 150 (citing *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 472 (1985) (internal quotation marks omitted)). "This test is intended to protect a non-resident defendant from jurisdiction based on contacts that are random, fortuitous, or attenuated, or that result from the unilateral activity of another party or a third person." *Spiro v. Allied Bldg. Products Corp.*, Civil Action No. 13-1561, 2013 WL 5270772, at * 4 (E.D. Pa. Sept. 17, 2013) (citing *Pullman Fin. Corp. v. Hotaling*, Civil Action No. 07–1703, 2008 WL 2563372, at *4 (W.D. Pa. June 24, 2008) (internal quotation marks omitted)). If minimum contacts are shown, the court must determine whether the exercise of jurisdiction would "comport with traditional notions of fair play and substantial justice." *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945).

Because ACN lacks sufficient contacts with Pennsylvania to subject it to either general or specific jurisdiction, the claims against it should be dismissed. *See* Fed.R. Civ. P. 12(b)(2).

1. **The Complaint Fails to Allege a Basis for General Jurisdiction.**

To support the exercise of general jurisdiction, a nonresident defendant's contacts with the forum must be "extensive and pervasive." *Compagnie des Bauxites de Guinea v. Ins. Co. of North Am.*, 651 F.2d 877, 889 (3d Cir. 1981). Thus, Plaintiffs must establish that ACN carries "on a 'continuous and systematic part of its general business' within the Commonwealth." *Endless Pools, Inc. v. Wave Tec Pools, Inc.*, 362 F. Supp.2d 578, 581 (E.D. Pa. 2005) (quoting 42 Pa. Cons. Stat. Ann. § 5301(a)(2)). Plaintiffs cannot make this showing.

ACN does not conduct any business in Pennsylvania on a continuous and systematic basis. In fact, ACN does not conduct any business in Pennsylvania at all. Singletary Decl. ¶ 4.

3

ACN does not advertise or market any business in Pennsylvania, and has not undertaken any advertising or marketing efforts aimed at residents of Pennsylvania. *Id.* ¶ 5. ACN has no employees, sales agents, offices, bank accounts or property in Pennsylvania. *Id.* ¶¶ 6–7. In light of these facts, Plaintiffs cannot establish that this Court has general jurisdiction over ACN.

Because ACN itself does not have sufficient contacts with Pennsylvania to subject it to this Court's jurisdiction, Plaintiffs make the conclusory allegation that ACN is an alter ego of other defendants over whom this Court has jurisdiction. *See* Compl. ¶¶ 12, 169–173. However, the Complaint is devoid of any specific allegations that would provide a basis for finding that ACN is the alter ego of any of the other defendants in this case.[1]

In determining whether an alter ego relationship exists between two entities, specifically a parent company and one of its subsidiaries, courts in this District often consider the following discrete factors: (1) ownership of all or most of the stock of the subsidiary; (2) common officers and directors; (3) a common marketing image; (4) common use of a trademark or logo; (5) common use of employees; (6) an integrated sales system; (7) interchange of managerial and supervisory personnel; (8) performance of business functions by the subsidiary which the principal corporation would normally conduct through its own agents or departments; (9) marketing by the subsidiary on behalf of the principal corporation, or as the principal's exclusive distributor; and (10) receipt by the officers of the subsidiary corporation of instruction from the principal corporation. *See Simeone ex rel. Estate Of Albert Francis Simeone, Jr. v. Bombardier-Rotax GmbH*, 360 F. Supp. 2d 665, 675-76 (E.D. Pa. 2005); *Directory Dividends, Inc. v. SBC Commc'ns, Inc.*, No. CIV.A. 01-CV-1974, 2003 WL 21961448, at *3 (E.D. Pa. July 2, 2003); *In re Latex Gloves Products Liab. Litig.*, No. MDL 1148, 2001 WL 964105, at *4 (E.D. Pa. Aug.

---

[1] *See also* Brand.com Memo. in Support of Motion to Dismiss at pp. 15-18.

4

22, 2001). "These factors are best viewed as a non-exclusive guide to help resolve the broader issue of whether the companies have a 'single functional and organic identity.'" *See Directory Dividends,* 2003 WL 21961448, at *3 (*citing In re Latex Gloves,* 2001 WL 964105, at *3–4.).

These factors do not support Plaintiffs' allegation that ACN is an alter ego of any of the other defendants. Justin Singletary is ACN's sole owner and sole managing member, and ACN has no affiliated subsidiary or parent companies. *See* Singletary Declaration ¶¶ 1, 3. None of the other defendants in this case own any shares in ACN, nor do they exert any control over ACN's operations. *Id.* ¶ 8. Although Mr. Singletary serves as the chairman of the board and an officer of defendant Brand.com, Inc. and as an officer of Fulfillment.com, a trade name of defendant Vanguard Economics, LLC, ACN does not share any other employees, officers, directors, shareholders, trademarks, logos, or sales systems with any of the other defendants. *See* Singletary Declaration ¶¶ 9–17.

The mere fact that Mr. Singletary is affiliated with two other defendants does not confer jurisdiction over ACN. After all, this circumstance does not alter one iota the determinative facts that ACN itself has only Mr. Singletary as its sole owner and managing member, that ACN itself is not an affiliate or subsidiary of any of the other defendants, and that Plaintiffs cannot show that any of the other defendants exert any control over the day-to-day operations of ACN. *Id.* Accordingly, none of the other defendants in this case share a "single, functional and organic identity" with ACN. There is, therefore, no basis for this Court to find an alter ego relationship between ACN and any of the other defendants that would subject ACN to the jurisdiction of this Court.

ACN does not itself have sufficient contacts with Pennsylvania to authorize this Court's general jurisdiction, and ACN is not the alter ego of any of the other defendants in this case over

5

whom this Court has general jurisdiction. There is simply no basis for this Court to exercise general jurisdiction over ACN.

### 2. The Complaint Fails to Allege a Basis for Specific Jurisdiction.

To establish specific jurisdiction over ACN, Plaintiffs must show that ACN "purposefully directed [its] activities" at Pennsylvania, the cause of action arises out of ACN's purposeful direction of activities at Pennsylvania, and the exercise of specific jurisdiction comports with "traditional notions of fair play and substantial justice." *O'Connor v. Sandy Lane Hotel Co., Ltd.*, 496 F.3d 312, 317 (3d Cir. 2007) (citing *Burger King*, 471 U.S. at 472 (internal quotation marks omitted)). Again, Plaintiffs cannot make this showing.

The Complaint alleges no facts showing that ACN "purposefully directed" any activities to Pennsylvania in connection with any of the alleged wrongful conduct. The only conduct by ACN alleged in the Complaint involves the posting of false statements to various websites and the fraudulent transfer of certain funds. First, there is no basis for this Court to exercise personal jurisdiction over ACN based on the alleged false statements, as Plaintiffs do not specifically allege that ACN caused them to be posted.

Moreover, in cases in which a defendant's alleged wrongful conduct involved the internet, the Third Circuit has held that "the likelihood that personal jurisdiction can be constitutionally exercised is directly proportionate to the nature and quality of commercial activity that an entity conducts over the Internet." *Zippo Mfg. Co. v. Zippo Dot Com, Inc.*, 952 F.Supp. 1119, 1124 (W.D. Pa. 1997). This sliding scale ranges from situations where a defendant uses an interactive commercial website to actively transact business with residents of the forum state (personal jurisdiction exists) to situations where a passive website merely provides information that is accessible to users in the forum state (personal jurisdiction does not exist). *Ackourey v. Sonellas Custom Tailors*, 573 F. App'x 208, 211 (3d Cir. 2014). Here,

6

Plaintiffs do not allege that the websites on which the allegedly false statements were posted facilitated any commercial transactions; Plaintiffs allege only that the websites displayed information and allowed certain users to post comments. *See, e.g.*, Compl. ¶¶ 24, 27–50. The absence of commercial activity on any of the websites identified in the Complaint renders the websites essentially passive, *Ackourey*, 573 F. App'x at 211, and a "passive Web site that does little more than make information available to those who are interested in it is not grounds for the exercise [of] personal jurisdiction." *Zippo*, 952 F.Supp. at 1124.

Second, the Complaint fails to allege any facts that would establish this Court's jurisdiction over ACN with respect to the Plaintiffs' fraudulent transfer claim (*See* Compl. ¶¶ 150–168), which is legally deficient for the reasons pointed out in Brand.com's Motion to Dismiss (See Memo. at pp. 10-15). To establish personal jurisdiction over ACN regarding Plaintiffs' fraudulent transfer claim, Plaintiffs must satisfy the test identified in *Calder v. Jones*, 465 U.S. 783 (1984) ("the *Calder* test"), which requires Plaintiffs to show the following:

> (1) The defendant committed an intentional tort;
>
> (2) The plaintiff felt the brunt of the harm in the forum such that the forum can be said to be the focal point of the harm suffered by the plaintiff as a result of that tort;
>
> (3) The defendant expressly aimed his tortious conduct at the forum such that the forum can be said to be the focal point of the tortious activity;

*IMO Indus., Inc. v. Kiekert AG*, 155 F.3d 254, 265-66 (3d Cir. 1998).

"In order to make out the third prong of this test, the plaintiff must show that the defendant knew that the plaintiff would suffer the brunt of the harm caused by the tortious conduct in the forum, and point to specific activity indicating that the defendant expressly aimed its tortious conduct at the forum." *Id.* There are no facts alleged in the Complaint that, if true, would demonstrate that ACN knew that Plaintiffs would suffer the brunt of any harm caused by

7

such transfers in Pennsylvania or that ACN's conduct related to the alleged fraudulent transfers was "expressly aimed" at Pennsylvania. There is no basis for this Court to exercise personal jurisdiction over ACN relating to Plaintiffs' fraudulent transfer claim.

## CONCLUSION

For the foregoing reasons, the claims against ACN should be dismissed for lack of personal jurisdiction.

Dated: November 24, 2014

Respectfully submitted,

/s/ David H. Pittinsky
David H. Pittinsky
Burt M. Rublin
BALLARD SPAHR LLP
1735 Market Street, 51st Floor
Philadelphia, PA  19103-7599
215.665.8500
215.864.8999 (fax)
pittinsky@ballardspahr.com
rublin@ballardspahr.com

Attorneys for Defendant
At Cost Nutraceuticals, LLC

# Exhibit 1

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOHN C. MONARCH, an individual; DIRECT OUTBOUND SERVICES LLC, a South Carolina limited liability company,<br><br>Plaintiffs,<br><br>v.<br><br>RICHARD A. GORMAN, AN INDIVIDUAL; GORMAN ECONOMICS, LLC, a Delaware limited liability company, dba AT COST FULFILLMENT, LLC; VANGUARD ECONOMICS, LLC, A GEORGIA LIMITED LIABILITY COMPANY, dba AT COST FULFILLMENT, LLC, dba FULFILLMENT.COM; AT COST NUTRACEUTICALS, LLC, a Georgia limited liability Company; BRAND.COM, INC., a Pennsylvania corporation; JOHN DOE 1; JOHN DOE 2; and JOHN DOE 3,<br><br>Defendants. | Civil Action No. 14-5980 |

## DECLARATION OF JUSTIN SINGLETARY IN SUPPORT OF DEFENDANT AT COST NUTRACEUTICALS, LLC'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION

I, Justin Singletary, hereby declare that:

1. I am the sole owner and sole managing member of At Cost Nutraceuticals, LLC ("ACN"). I have the personal knowledge to make the statements alleged herein.

2. ACN is a Georgia Limited Liability Company.

3. ACN is a small company that has no affiliated subsidiary or parent companies. ACN does not conduct any business activities in the State of Pennsylvania and does not maintain or solicit business through any office, agency or representative in Pennsylvania.

4. ACN does not advertise or market its business in Pennsylvania, and has not undertaken any advertising or marketing efforts aimed at residents of Pennsylvania.

5. ACN does not own, use, or possess any real estate in Pennsylvania and does not pay any Pennsylvania taxes.

6. ACN has no employees, sales agents, offices, or bank accounts in Pennsylvania.

7. I, ACN's sole managing member, have never traveled to Pennsylvania for ACN business.

8. ACN is not owned or controlled by Richard A. Gorman; Gorman Economics, LLC; Vanguard Economics, LLC; or Brand.com, Inc. (the "other defendants"). Defendant Richard A. Gorman owns the domain www.atcostnutraceuticals.com, but does not own any shares of ACN nor does he exert any control over ACN.

9. I am the chairman of the board and an officer of defendant Brand.com, Inc. I am an officer of Fulfillment.com, a trade name of defendant Vanguard Economics, LLC.

10. ACN does not share its trademark or logo with any of the other defendants.

11. ACN does not share a marketing image with any of the other defendants.

12. ACN does not share employees with any other defendants.

13. ACN does not have a sales system that is integrated with any other defendants.

14. ACN does not perform any marketing on behalf of any other defendants.

15. ACN does not receive instruction from any of the other defendants.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on November 21, 2014.

_____
Justin Singletary

2

## CERTIFICATE OF SERVICE

I hereby certify that, on November 24, 2014, I electronically transmitted At Cost Nutraceuticals' Motion to Dismiss for Lack of Personal Jurisdiction to the Clerk's Office using the CM/ECF System for filing and distribution to the following registered participants of the CM/ECF System, who will also be served copies by electronic mail:

Daniel R. Warner
Kelly/Warner Law PLLC
8283 N. Hayden Road, Suite 229
Scottsdale, Arizona 85258
*Attorneys for Plaintiffs*

Matthew A. Glazer
Cozen & O'Connor
1900 Market Street
Philadelphia, PA 19103
*Attorneys for Plaintiffs*

William H. Catto
Sean R. Riley
Litchfield Cavo LLP
1515 Market Street, Suite 1220
Philadelphia, PA 19102
*Attorneys for Defendant, Richard Gorman*

David J. Shannon
Jonathan E. Cross
Marshall Dennehey Warner Coleman & Goggin
2000 Market Street, Suite 2300
Philadelphia, PA 19103
*Attorneys for Defendant, Brand.com*

James L. Barlow
Law Offices of James L. Barlow
630 Freedom Business Center, Third Floor
King of Prussia, PA 19406
*Attorney for Defendant, Vanguard Economics, LLC*

/s/ Burt M. Rublin
Burt M. Rublin